UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-20454-JEM

WALTER JEOVANY VASQUEZ PAZ, and )
all others similarly situated under 29 U.S.C. )
216(b), an individual, )
)
)
Plaintiff, )
vs. )
)
)
WESTSIDE LAKESHORE, LLC, )
GAL ORON, )
)
)
Defendants. )
_____ )

### FIRST AMENDED COMPLAINT FOR OVERTIME WAGE VIOLATIONS, BREACH OF CONTRACT/COMMON LAW ACTION FOR RECOVERY OF UNPAID WAGES RESULTING FROM BREACH OF CONTRACT, AND UNJUST ENRICHMENT[1]

Plaintiff, WALTER JEOVANY VASQUEZ PAZ, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this First Amended Complaint against Defendants, WESTSIDE LAKESHORE, LLC, and GAL ORON and alleges:

### JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant, WESTSIDE LAKESHORE, LLC, is a corporation that regularly transacts business within the Southern District of Florida. .

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading or served a motion under Rule 12(b)(e) or (f) and, as such, Plaintiff amends as a matter of course.

4. The individual Defendant, GAL ORON, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff (i.e. individuals who were remodeling the inside of apartments and houses) who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9.  Plaintiff worked for Defendants as a construction remodeler from on or about August 17, 2017 through on or about January 5, 2019.

10. Plaintiff was a construction remodeler and his duties included painting, finishing sheetrock, installing doors, installing lights, installing panels in the kitchens, welding, electricity work and anything else required of the Defendants. As a construction remodeler, Plaintiff's job duties required Plaintiff to use goods and materials such as drywall, compound, painting supplies, sheetrock, and screws.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods included, but were not limited to the use of drywall, compound, painting supplies, sheetrock, and screws, that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while Plaintiff worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period such as other individuals who were remodeling the inside of apartments and houses who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as drywall, compound, painting supplies, sheetrock, and screws, thus making Defendant's business an enterprise covered

under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, and 2018.

14. Upon information and belief, the Defendant Corporations' gross sales or business exceeded is expected to exceed $500,000 for the year 2019.

15. Between the period of on or about on or about August 17, 2017 through on or about January 5, 2019[2], Plaintiff worked an average of 48 hours a week for Defendants and was paid an average of $18.75 per hour but was not paid the half-time rate for the hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for the hours worked above 40 in a week.

16. Between the period of on or about on or about August 17, 2017 through on or about January 5, 2019[3], Plaintiff worked a total of 32 hours of overtime for Defendants and was paid an average of $0.00 per hour and was not paid the time and a time rate for the hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate for 32 hours.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

---

[2] Except for two weeks in April 2018 and two weeks in November 2018 of which Plaintiff was completely unpaid.
[3] Two weeks in April 2018 and two weeks in November 2018 for approximately 32 hours.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*

## COUNT II. BREACH OF CONTRACT/COMMON LAW ACTION FOR RECOVERY OF UNPAID WAGES RESULTING FROM BREACH OF CONTRACT

.

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-17 above and further states:

18. This is an action for Breach of Contract and this Court has jurisdiction for Plaintiff's breach of contract claim.

19. Plaintiff worked for Defendants as a construction remodeler from on or about August 17, 2017 through on or about January 5, 2019.

20. Plaintiff orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff approximately $18.75 per hour.

21. Plaintiff was not compensated for approximately 160 hours of work at the regular rate of $18.75 per hour.

22. As a direct proximate result of Defendants' action, Plaintiff suffered damages.

23. Plaintiff therefore brings a claim of breach of contract for said unpaid wages, attorneys' fees, court costs, interest, and any other relief that this Court finds reasonable under the

circumstances.

24. Plaintiff has performed all duties under the contract, and, as such, Defendants have breached the contract.

25. Defendants breached the contract with Plaintiff and, as a result, Plaintiff has been damaged.

26. Defendants remain owing Plaintiff the above-mentioned unpaid wages.

Wherefore, the Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendant pursuant to the breach of contract, demands judgment be entered in favor of Plaintiff against Defendant for damages along with fees, pursuant to breach of contract and Florida Statute § 448.08, Fla. Const. art. X § 24, and any other applicable authority (statute/law, etc.), costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT III. UNJUST ENRICHMENT
.

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-26 above and further states:

27. This is an action for Unjust Enrichment and this Court has jurisdiction for Plaintiff's breach of contract claim.

28. Plaintiff reasserts and re-alleges paragraphs 18-26 above regarding Plaintiff's Claim for Breach of Contract (Count II), as such facts also give rise to an action for unjust enrichment. Such facts which establish the breach, are also those which have resulted in unjust enrichment.  Plaintiff seeks this claim in equity based on such facts, should it be

determined he cannot recover at law under a breach theory.

29. Due to the aforesaid facts (also relevant to Plaintiff's claim for breach of contract – Count II), the Plaintiff has conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly.

30. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for it, Defendants entered into a contract with Plaintiff wherein Plaintiff has performed all duties as required under the contract, Defendants chose to maximize its own personal profits, and Plaintiff did not seek alternative work as he relied on the contract and the terms therein.

31. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants was legally responsible to pay for.

32. As a direct proximate result of Defendants' action, Plaintiff suffered damages.

33. Plaintiff therefore brings a claim of unjust enrichment for said unpaid wages, attorneys' fees, court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

34. Plaintiff has performed all duties under the contract, and, as such, Defendants have breached the contract.

35. Defendants breached the contract with Plaintiff and, as a result, Plaintiff has been damaged.

36. Defendant remains owing Plaintiff the above-mentioned unpaid wages.

Wherefore, the Plaintiff requests all damages as allowed by law and reasonable attorney fees

from the Defendant pursuant to the breach of contract, demands judgment be entered in favor of Plaintiff against Defendant for damages along with fees, pursuant to breach of contract and Florida Statute § 448.08, Fla. Const. art. X § 24, and any other applicable authority (statute/law, etc.), costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 3/8/19 TO:

ALL CM/ECF RECIPIENTS

OFER M. AMIR, EQUIRE
2919 E. COMMERCIAL BOULEVARD
FORT LAUDERDALE, FL 33301
OMAMIR@OMAMIR.COM